NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL REGALADO-MENDOZA, | No. 20-70921 |
| Petitioner, | Agency No. A087-968-074 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 23, 2023**
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rafael Regalado-Mendoza ("Regalado"), a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an order of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "We review for substantial evidence factual findings underlying the BIA's determination[s] that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny Regalado's petition.

1. Regalado argues first that the BIA erred in finding that Regalado did not establish past or future persecution "based on [his] membership in the social group of young, Mexican men who oppose or resist gang violence," and his membership in the "social group consisting of family membership" given his family's history of suffering gang violence, and "the [anti-gang] political opinion that will be imputed unto him by both gangs and the corrupt police in Mexico." Substantial evidence supports the BIA's finding that Regalado did not meet the "nexus" requirement—*i.e.,* that any past or future persecution "was or would be motivated by a protected ground." *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (reviewing BIA determination of nexus between persecution and protected grounds for substantial evidence). The record indicates that Regalado's family suffered from

extortion and gang violence, and that Regalado fears the same upon his return to Mexico. But, the record does not compel the conclusion that the gangs perpetuating this extortion and violence are motivated by anything other than financial gain. This does not satisfy the nexus requirement for Regalado's asylum and withholding claims. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1051 (9th Cir. 2001).[1]

2. Regalado next contends that the BIA "failed to show proper consideration of all factors, both favorable and unfavorable as contained in his appeal." Regalado's brief does not identify any factors that the BIA need have addressed and did not address. Regalado has not identified any error on this issue. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) ("[The BIA] need not discuss each piece of evidence submitted.").

3. Finally, Regalado contends that the BIA erroneously determined that he was ineligible for relief under the CAT. To obtain protection under the CAT, Regalado "had the burden to prove that it is more likely than not that (1) []he, in

---

[1] Because substantial evidence supports the BIA's determination that Regalado did not meet the required nexus element of his asylum and withholding claims, we need not and do not address Regalado's argument regarding the cognizability of his proposed particular social groups.

particular, would be (2) subject to harm amounting to torture (3) by or with the acquiescence of a public official, if removed." *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021). Substantial evidence supports the BIA's conclusion that Regalado "did not submit sufficient evidence to establish that it is more likely than not he faced an individualized risk of torture" upon return to Mexico. Although Regalado's testimony and the country conditions evidence that Regalado submitted indicate that Mexico struggles with gang violence and corruption, this evidence does not compel the conclusion that Regalado faces an individualized risk of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to ... establish prima facie eligibility for protection under the CAT."); *see also Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (same). He has not established his eligibility for relief under the CAT.

**PETITION DENIED.**